## N. JENKINS v. H. P. CONLEY and others.

In a suit for damages, for an injury to plaintiff's land by ponding water upon it, the defence relied on being an easement by prescription to pond water back by the erection of a new dam in place of an old one, and the plaintiff replying to such defence, that the new dam was higher and tighter than the old one, and that thus the easement was exceeded: *Held*, that the issue submitted to the jury as to the height of the new dam, and as to whether from such height over the height of the old dam the plaintiff was endamaged, are not sufficiently responsive to the allegation and denial in complaint and answer, and that the jury should find, whether or not the defendant has excceeded his easement, and ponded water back further than he had a right to do by prescription.

CIVIL ACTION, in the nature of a special proceeding; commenced before the Superior Court Clerk of CALDWELL county, and by him removed to said Court, from whence it was removed upon affidavit, to the Superior Court of BURKE county, where it was tried before his Honor, *Mitchell, J.,* at Fall Term, 1873.

Plaintiff seeks to recover damages from the defendants, for the alleged injury done to his land by ponding water thereon ; stating, in substance, that defendant rebuilt a certain dam across Gunpowder creek "*higher and tighter*" than the one originally built, and that thereby water is ponded on his land, which is rendered worthless for agricultural purposes.

Defendants deny the material allegations in the complaint ; and on the trial below, asked his Honor, as also did the plaintiff, to submit certain instructions to the jury. His Honor instructed the jury, as requested by both parties.

Two issues were submitted to the jury, to wit ;

1. Is the new dam higher than the old ?

2. Is the plaintiff endamaged by reason of such superior height ?

After hearing much conflicting evidence, the jury found both issues in favor of defendant ; and his Honor gave judg-

23

ment against the plaintiff. From this judgment plaintiff appealed. .

*Folk* and *Armfield* and *Collins*, for appellant.
*Cilley* and *Smith & Strong*, contra.

PEARSON, C. J. The complaint alleges injury to plaintiff's land by the ponding back of water. The answer relies upon an easement to pond back the water, acquired by prescription. The replication alleges an excess of the easement, and on this, issue is taken, to wit; Is the damage to plaintiff's land greater now than it was while the old mill dam was standing; in other words, is the water, now ponded back, to a point higher than the point to which the defendant had, by prescription, acquired the right to pond it back?

If, at the erection of the old dam, a mark had been made on a rock, above the pond, up to which the defendant had an easement to pond the water back in ordinary winter water, and another mark had been made on a rock below the mill, fixing the point of "ordinary winter water," as would have been done in case of an express grant of the easement, the issue, as to an excess of the easement, would have been a subject of direct proof, demonstration ; as the easement was acquired by prescription, such certainty is not to be expected, and circumstantial evidence must' be resorted to on the question of an excess of the easement, for instance, water marks along the banks of the creek, at the head of the pond, the fitness of the land for cultivation now, as compared with its condition while the old dam was standing, and the deposit of sand in the ditches, &c. So also, the new dam will furnish evidence, for if it be higher or *tighter* than the old dam was, there is an inference that the water is ponded back in excess of the easement.

It is manifest by a perusal of the case, that the plainti was taken at a disadvantage by the two issues submitted to the jury, and by the instruction asked for and given by the Judge.

JENKINS *v.* CONLEY *et al.*

The issues, restrict consideration to the *height* of the dam, which is a matter of evidence, and withdraw consideration from the question in the case, has the easement been exceeded?

1. Is the new dam higher than the old?

2. If it is, has the plaintiff been endamaged by such superior height?

So the question is *tied down* to the *height* of the dam, and so restricted his Honor did not err in giving the instructions. 2. If the new dam is not higher than the old one, they must find for the defendant *whether it is tighter or not,* thus making the case, turn upon the *height* of the dam, a mere matter of evidence, instead of its being put upon the fact of an excess over the easement.

In this way the tightness of the dam was withdrawn from the jury, yet it is manifest, that that circumstance has a material bearing upon the point on which the case ought to have turned.

Although there is no error apparent from a perusal of the record and the statement of the case made up for this Court, yet from a perusal of all of the proceedings, we are satisfied that the end of justice has not been answered by the action of the Court below, and we remand the case to the end that a direct issue be submitted to a jury, to wit; has the defendant exceeded his easement, and ponded the water back farther than he had a right to do, by prescription.

The plaintiff will pay the costs, including the cost in the Court below.

PER CURIAM.                                        Case remanded.